**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6375**

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

DENNIS LAMAR BRUTON,

　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:09-cr-00013-MR-3; 1:12-cv-00123-MR)

Submitted: July 19, 2018　　　　　　　　　　Decided: July 24, 2018

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Dennis Lamar Bruton, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Lamar Bruton seeks to appeal the district court's order denying Bruton's motion for reconsideration of the court's order dismissing his second Fed. R. Civ. P. 60(b) motion for reconsideration of the court's previous order dismissing his 28 U.S.C. § 2255 (2012) motion as untimely. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on January 22, 2018. The notice of appeal was filed on March 29, 2018.[*] Because Bruton failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).